In re Thomas Evan SHULL a/k/a Tommy Shull and Brenda Gail Shull d/b/a Pondside Farms, Debtors.

Thomas Evan SHULL and Brenda Gail Shull, Plaintiffs,

v.

Evan A. SHULL, Edisto Production Credit Association, Lexington State Bank, United States of America, Acting Through its Agency the Small Business Administration and Also Through the United States Department of Agriculture Through its Agency the Farmers Home Administration and FCX, Inc., Defendants.

Bankruptcy No. 84–01264.
Complaint No. 85–0299.

United States Bankruptcy Court, D. South Carolina.

Sept. 2, 1986.

J. Martin Harvey, Blatt and Fales, Barnwell, S.C., for plaintiffs.

J. Michael Taylor, Asst. U.S. Atty., Small Business Admin., Columbia, S.C., for defendant SBA.

Mary G. Slocum, Asst. U.S. Atty., Vinton D. Lide, U.S. Atty., Columbia, S.C., for defendant FmHA.

Reid B. Smith, Smith & Watkins, Columbia, S.C., for defendant Edisto PCA.

J. BRATTON DAVIS, Bankruptcy Judge.

The debtors seek authority from this court to sell four tracts of real property on which the defendants hold mortgages. Although there are no objections to the sale, there is a controversy as to how the mortgage of LSB should be satisfied. The manner in which LSB's mortgage is satisfied will directly affect how much the second mortgagees recover on their respective mortgages.

The defendant Edisto Production Credit Association (EPCA), wants the approval of the sale to be conditioned upon having the liens attach to the proceeds of sale, and wants LSB's lien to be satisfied by a proration of the proceeds of the sale of each parcel over which LSB has a mortgage.

The defendants Small Business Administration (SBA) and Farmers Home Administration (FmHA), objecting to such distribution, request this court to require LSB to satisfy its mortgage by applying the proceeds, generated from the sale of such parcels, pursuant to the doctrine of inverse order of alienation.

## FACTS

The relevant facts (which were admitted and require no proof as provided in the joint pretrial order) are:

On August 22, 1984, the debtors filed a petition for relief under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*).

The debtors own four tracts of land located in Orangeburg County, South Carolina, described and encumbered (only first and second mortgagees shown) as follows:

Tract 1:[1] 462.81 acres (Mortgagees: 1st, Evan Shull; 2nd, FmHA)

Tract 2: combined parcels consisting of 81 acres and 32.2 acres (Mortgagees: 1st, LSB; 2nd, EPCA)

Tract 3: 145 acres (Mortgagees: 1st, LSB; 2nd, SBA)

Tract 4: 8.5 acres (Mortgagees: 1st, LSB; 2nd, FmHA)

The amounts claimed by the defendants at the time of debtors' filing the petition for relief, together with a description of their liens, are as follows:

*Evan A. Shull:* $219,440. secured by a first mortgage on Tract 1 recorded on April 27, 1981.

*Lexington State Bank:* $55,283.29 secured by a first mortgage on Tracts 2, 3 and 4 recorded on December 21, 1977.

*Small Business Administration:* $25,130.75 secured by a second mortgage on Tract 3 recorded on January 20, 1978.

*Edisto Production Credit Association:* $41,479.11 secured by a second mortgage on Tract 2 recorded on March 31, 1978.

*Farmers Home Administration:* (3 claims) (1) $63,754.36 secured by a second mortgage on Tracts 1 and 4 and a third mortgage on Tracts 2 and 3 all recorded on May 7, 1981; (2) $35,356.26 secured by a fourth mortgage on Tracts 1 and 4 and a fifth mortgage on Tracts 2 and 3 all recorded on May 19, 1982; (3) $219,534.51 secured by a fifth mortgage on Tracts 1 and 4 and a sixth mortgage on Tracts 2 and 3 both recorded on May 5, 1983.

*FCX Inc.:* Did not file a proof of claim but is listed on debtors' schedules as having an unliquidated claim in the approximate amount of $13,000. secured by a third mortgage on Tracts 1 and 4 and a fourth mortgage on Tracts 2 and 3 all recorded on October 2, 1981.

The lienholders have consented to the sale of the real estate, pursuant to the debtor's plan of reorganization. The real estate is to be sold by auction.

## ISSUE

The issue to be determined by the court is whether LSB's first mortgage on Tracts 2, 3 and 4 should be satisfied pursuant to the inverse order of alienation doctrine.

## DISCUSSION

The doctrine of inverse order of alienation is the law in South Carolina. *Watson v. Neal*, 38 S.C. 90, 16 S.E. 833 (1892); *Lynch v. Hancock*, 14 S.C. 66 (1880); *Norton v. Lewis*, 3 S.C. 25 (1871). *Stoney v. Shultz*, 1 Hill Eq. 464 (1834). The mortgage of LSB should be satisfied as propounded by EPCA only if the doctrine of inverse order of alienation is found not to apply. 53 Am.Jur.2d *Marshaling Assets*, § 47, p. 41.

In accord with a Virginia case decided in 1832, the greater number of cases, and what appears to be the weight of authority, favor the rule that where a paramount lienor may seek payment of his debt from either or both of two funds, and each fund is subject to a subordinate lien held by different creditors, the lienor whose lien is prior in time to the other, especially, or at least, one who took his lien with notice of the existing situation, may have the securities marshaled in his favor and compel the primary creditor to seek satisfaction first from the fund not subject to such subordinate lien. Such cases reject the proportionate sharing principle and any right of the subsequent subordinate creditor to marshal assets.

This rule is founded upon the general principle that as between equal equities the prior in time prevails, the maxim of equity being "Qui prior est in tempore, potior est in jure", and the concession that the marshaling of securities will be permitted, even though it operates to the injury of a third party, where the third party has an equity inferior to that of the party invoking the doctrine.

---

1. Inasmuch as there is no dispute as to how the proceeds from the sale of Tract 1 will be distributed, this order will only refer to the distribution of the proceeds from Tracts 2, 3 and 4.

Annotation 76 A.L.R.3d at 334. (citations omitted).

SBA's second mortgage was recorded prior in time to the mortgages of both FmHA and EPCA, thus, SBA's mortgage has priority over those mortgages; and SBA may invoke the doctrine of inverse order of alienation.

Inasmuch as the doctrine of inverse order of alienation is the law in South Carolina and there has been no showing that it should not apply in this case, this court is of the opinion that the mortgage of LSB should be satisfied according to the doctrine of the inverse order of alienation.

### ORDER

Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that (1) the debtors are authorized to sell the four tracts of real property and (2) the mortgage of LSB shall be satisfied pursuant to the inverse order of alienation doctrine.

Therefore, LSB shall, first, seek satisfaction of its mortgage from the proceeds of the sale of Tract 4, the last parcel to be placed under a second mortgage. If LSB's mortgage is not satisfied from the proceeds of the sale Tract 4, LSB shall next receive the proceeds of the sale of Tract 2 and apply them to the satisfaction of its mortgage.

Finally, if LSB's mortgage is not satisfied from the proceeds of the sales of Tracts 4 and 2, LSB shall next receive the proceeds of the sale of Tract 3 and apply them to the satisfaction of its mortgage.

Upon satisfaction of LSB's mortgage, each remaining mortgagee is entitled to the proceeds of the sale of property on which it holds a mortgage.

AND IT IS SO ORDERED.

